UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

NADINE TOWNSEND,

              Plaintiff,

v.

JUDGE JORGE SOLIS,

              Defendants.

No. 13-CV-1607
(MAD/CFH)

---

**APPEARANCES:**

NADINE TOWNSEND
Plaintiff, Pro Se
911 Central Avenue
Apartment #329
Albany, New York 12206

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

**OF COUNSEL:**

## REPORT-RECOMMENDATION and ORDER

The Clerk has sent to the Court for review a complaint filed by pro se plaintiff Nadine Townsend ("Townsend"). Compl. (Dkt. No. 1). Townsend has also filed a motion to proceed in forma pauperis (IFP) (Dkt. No. 2) and requested appointment of counsel (Dkt. No. 3).

## II. DISCUSSION

### A. In Forma Pauperis Application

The Court has reviewed Townsend's IFP application. Dkt. No. 2. Because Townsend sets forth sufficient economic need, the Court finds that Townsend qualifies to proceed IFP.

## B. Plaintiff's Complaint

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.

Townsend names only one defendant in the present case, Hon. Jorge Solis. Townsend asks that the defendant Judge be disqualified from the case because of his personal involvement, bias, and previously obstructionist actions. Compl. at 2. First, it appears that Judge Solis presides in the Northern District of Texas. See http://www.txnd.uscourts.gov/judges/solis.html (last visited 1/28/14). Accordingly, he would have no involvement in the present case. Therefore, to the extent Townsend seeks his recusal, such a request is rendered moot by the fact that he would not have any participation in the present action.

Second, to the extent Townsend is attempting to lodge a complaint again Judge Solis for any decisions or actions which may have occurred during her litigation in Texas, such complaints are meritless. "Judges enjoy **absolute immunity** from personal liability for 'acts committed within their judicial jurisdiction.'" Young v. Selsky, 41 F.3d 47, 51 (2d Cir. 1994) (emphasis added) (quoting Pierson v. Ray, 386 U.S. 547 (1967)). "The absolute immunity of a judge applies however erroneous the act may have been, and however injurious in its

consequences it may have proved to the plaintiff." Young, 41 F.3d at 51 (internal quotation marks omitted). Accordingly, plaintiff's claims against Judge Solis should be dismissed.

Further, to the extent that the Court liberally reads Townsend's complaint, it also fails to conform with the Federal Rules. Additional pleading guidelines are provided in the Federal Rules of Civil Procedure. Specifically, Rule 8 provides that a pleading which sets forth a clam for relief shall contain, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief." See FED. R. CIV. P. 8(a)(2). "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." Flores v. Graphtex, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (internal quotation marks and citations omitted). Rule 8 also requires the pleading to include:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . .;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought . . . .

FED. R. CIV. P. 8(a). Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct." Id. at 8(d).

Moreover, Rule 10 of the Federal Rules of Civil Procedure provides in pertinent part that:

> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other

than a denial – must be stated in a separate count or defense.

FED. R. CIV. P. 10(b). This serves the purpose of "provid[ing] an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" Flores, 189 F.R.D. at 54 (internal quotation marks and citations omitted).

A complaint which fails to comply with the pleading requirements "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996). As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted). However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligble that its true substance, if any, is well disguised." Id. (citations omitted). In such cases of dismissal, especially with respect to a pro se complaint, the court generally affords the plaintiff leave to amend the complaint to state a nonfrivolous claim. Simmons v. Abruzzo, 49 F.3d 83, 86-87 (2d Cir. 1995).

A review of the complaint reveals that the pleading clearly fails to satisfy the requirements of the above-mentioned Federal Rules. The complaint is, at best, disjointed and confusing. Townsend alleges a variety of conspiracies which precluded her from receiving medical care and various support services while she lived in California, Texas, and New York. These alleged conspiracies happened between unidentified third parties, without reference to specific dates or times. These actions stretch across three states, without any allegations connecting the actions or motivations of the unidentified parties.

And these wrongs began in the 1990s and have apparently continued to date.

Townsend has failed to consistently organize her complaint into sentences and short paragraphs, making it difficult to decipher the true nature of her allegations. As previously stated, Townsend fails to allege when any of these events occurred or which actions from which unidentified third parties resulted in the alleged constitutional violations. Further, Townsend proffers only conclusory allegations, failing to allege how, when, or who conspired against her to preclude her from receiving care and other various services. After reviewing the complaint, the Court is confused as to what Townsend's claims are, the wrongs inflicted upon her, her damages, and why she is seeking Court intervention.

In sum, Townsend's complaint in its current form fails to satisfy the basic pleading requirements and fails to state a claim for relief. As such, dismissal would be appropriate pursuant to 28 U.S.C. §§ 1915(e) and 1915A. While the Court generally would recommend amendment of the claim, in light of Townsend's pro se status, given that Townsend only named Judge Solis as a defendant, and instead recently filed an abundance of actions in this district, it is recommended that to the extent Townsend wishes to allege conspiracy claims, she should allege such actions in a separate case. Amending the present action to name multiple additional defendants and include such unrelated claims is disjointed and confusing.

### C. Motion for Appointment of Counsel

Townsend has also filed a motion for appointment of counsel. Dkt. No. 3. In light of the present recommendation, this motion is denied without prejudice as moot at this time. However, in the event this recommendation is not adopted and the complaint is accepted by the Court, Townsend is free to renew her request for appointment of counsel.

### III. Conclusion

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's IFP application (Dkt. No. 2) is **GRANTED**; and it is further

**ORDERED** that plaintiff's request for appointment of counsel (Dkt. No. 3) is **DENIED WITHOUT PREJUDICE** and with a right to renew if the present Report and Recommendation suggesting dismissal is not adopted; and it is further

**RECOMMENDED** that pursuant to the Court's review under 28 U.S.C. § 1915 and § 1915A, Townsend's complaint is **DISMISSED** for failure to comply with the pleading standards and state a claim; and it is further

**ORDERED** that the Clerk serve a copy of this Report-Recommendation and Order on the parties in accordance with the Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court "within fourteen (14) days after being served with a copy of the . . . recommendation." N.Y.N.D.L.R. 72.1(c) (citing 28 U.S.C. §636(b)(1)(B)-(C)). **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d

85, 89 (2d Cir. 1993); <u>Small v. Sec'y of HHS</u>, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: January 29, 2014
       Albany, New York

*/s/ Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge