UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

NADINE V. TOWNSEND,

       Plaintiff,

vs.              1:13-cv-1607
                 (MAD/CFH)
JUDGE JORGE SOLIS,

       Defendant.

---

APPEARANCES:       OF COUNSEL:

NADINE V. TOWNSEND
911 Central Avenue, #329
Albany, New York 12206
Plaintiff *pro se*

Mae A. D'Agostino, U.S. District Judge:

## ORDER

Plaintiff commenced this action *pro se*, along with ten other, separate actions, on December 31, 2013.[1] In the instant action, Plaintiff apparently seeks to disqualify Judge Jorge Solis of the United States District Court for the Northern District of Texas. *See* Dkt. No. 1.

In a January 24, 2014, Report-Recommendation and Order, Magistrate Judge Christian F. Hummel granted Plaintiff's application to proceed *in forma pauperis*, denied Plaintiff's motion to appoint counsel, and reviewed the sufficiency of the complaint. *See* Dkt. No. 4. Magistrate Judge Hummel noted that Plaintiff "asks that the defendant Judge be disqualified from the case because of his personal involvement, bias, and previously obstructionist actions." *Id.* at 2. Since Judge Solis does not preside in this District, Magistrate Judge Hummel determined that Plaintiff's

---

[1] *See Townsend v. Dordofsky et al.*, 1:13-cv-1603 (MAD/ATB), Dkt. No. 4 at 3 n.1 (collecting cases).

request "is rendered moot by the fact that he would not have any participation in the present action." *Id.* Magistrate Judge Hummel also determined that Plaintiff's claims against Judge Solis should be dismissed because "[j]udges enjoy absolute immunity from personal liability for acts committed within their judicial jurisdiction." *Id.* (quotations and citations omitted). Finally, Magistrate Judge Hummel noted that "[t]he complaint is, at best, disjointed and confusing," *id.* at 4, and concluded that the complaint failed to satisfy basic pleading requirements and failed to state a claim for relief, *see id.* at 4-5. As such, Magistrate Judge Hummel recommended that the Court dismiss the complaint. Plaintiff has not objected to the Report-Recommendation.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of

-2-

further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

Having reviewed Magistrate Judge Hummel's Report-Recommendation and Order and the applicable law, the Court finds that Magistrate Judge Hummel correctly recommended that the Court should dismiss Plaintiff's complaint. A review of Plaintiff's complaint makes clear that it suffers from several deficiencies. Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991). An opportunity to amend, however, is not required where "the problem with [plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted). Reading the complaint liberally, there is no "suggest[ion] that the plaintiff has a claim that [he] has inadequately or inartfully pleaded and . . . should therefore be given a chance to reframe." *Cuoco*, 222 F.3d at 112. Magistrate Judge Hummel correctly recommended that the Court dismiss the complaint because her request for relief is moot, the sole Defendant is immune from suit, and her complaint is incomprehensible; therefore, amendment would be futile.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Hummel's Report-Recommendation and Order is **ADOPTED in its entirety** for the reasons stated therein; and the Court further

**ORDERS** that this action is **DISMISSED with prejudice**; and the Court further

**ORDERS** that the Clerk of the Court shall close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on Plaintiff by regular mail.

_____
Mae A. D'Agostino, US District Judge
Albany, New York
April 18, 2014